IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA

        Plaintiff,

   vs.                                                                                              1:20-cr-01228(1)-KWR

JULIAN BARELA,

        Defendant.

### ORDER DENYING MOTION FOR TEMPORARY RELEASE AND REVOKING CONDITIONAL GRANT OF FURLOUGH

THIS MATTER is before the Court on Defendant's Emergency Motion for Furlough (**Doc. 205**). Defendant seeks temporary release from pretrial detention for 24 hours to say a "final farewell" to his dying father. *Id.* at ¶ 6. Defendant has pled guilty and is awaiting sentencing.

The Court may grant temporary release from detention for compelling reasons. 18 U.S.C. § 3142(i). The Court *shall* order a person who has been found guilty of an offense and who is awaiting imposition of a sentence detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." § 3143(a)(1). The decision whether to release a defendant temporarily under § 3142(i) is "intertwined with" the determination of whether any condition or combination of conditions will reasonably assure the appearance of a defendant as required and the safety of any other person and the community. *See United States v. Alderete*, 336 F.R.D. 240, 269 (D.N.M. 2020).

United States Magistrate Judge John Robbenhaar conditionally granted the temporary limited release of Defendant to the custody of the U.S. Marshal "*only if* the U.S. Marshal has the

1

ability on short notice to devote the appropriate manpower given the particular circumstances of the visit." See **Doc. 207, at 2** (emphasis in original).  Assuming the Court has discretion to order temporary release under §§ 3142(i), 3143(a)(1), or 3145, this Court would deny temporary release and revokes the Order issued by Judge Robbenhaar.

The Court has reviewed the record in this case including the presentence investigation report, the charges, and potential sentence faced by Defendant.  The Court notes that Defendant was previously released into the custody of a third-party custodian and 18-months later, was ordered to self-surrender to the U.S. Marshal following his guilty plea in October 2021.  However, Defendant has now pled guilty to interference with commerce by threats and violence, 18 U.S.C. § 1951(a), including by aiding and abetting, 18 U.S.C. § 2.  Additionally, Defendant has a significant criminal history, including a previous bank robbery conviction.  Considering the totality of the circumstances, the Court cannot conclude that Defendant is not likely to flee or pose a danger to the community, thus, the Court declines to grant Defendant temporary release.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE